UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-CR-20652-MOORE/DAMIAN

UNITED STATES OF AMERICA,

v.

JEFFREY JEAN BONICA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION**

THIS MATTER came before the Court for a revocation hearing on December 14, 2023, upon a Petition for Warrant or Summons For Offender Under Supervision [ECF No. 42], dated November 1, 2023, as to Defendant Jeffrey Jean Bonica.

Defendant was initially convicted of possession of a firearm and ammunition by a convicted felon on January 30, 2018. [ECF No. 32]. He was released from prison and commenced supervision on October 17, 2022. On November 1, 2023, the Court issued a summons for Defendant based on a Petition from the United States Probation Office alleging that Defendant violated the requirements of supervised release. [ECF No. 43].

Defendant was arrested on November 16, 2023, in the Southern District of Florida and had remained in custody through his initial appearance in this District on that same day, when the Federal Public Defender was appointed to represent him. [ECF No. 44]. He was subsequently released on a $25,000 personal surety bond. The undersigned conducted the revocation hearing on December 14, 2023 [ECF No. 51].

The charged violations are as follows:

1. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On October 2, 2023, the defendant submitted a urine specimen, which tested positive for the presence of cocaine.

2. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On October 9, 2023, the defendant was instructed to submit to drug testing and failed to do so.

3. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On October 16, 2023, the defendant was instructed to submit to drug testing and failed to do so.

4. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On October 19, 2023, the defendant was instructed to submit to drug testing and failed to do so.

5. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On October 23, 2023, the defendant was instructed to submit to drug testing and failed to do so.

6. **Violation of Standard Condition**, by failing to allow the U.S. Probation Officer entry to a female friend's residence he frequents. On October 5, 2023, U.S. Probation Officer E. Martinez, having prior knowledge of the defendant's presence at his female friend's residence, failed to comply with the Probation Officer's request.

7. **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On October 11, 2023, the defendant failed to attend Moral Reconation Therapy, as instructed on October 4, 2023.

8. **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On October 16, 2023, the defendant failed to report to the U.S. Probation Office for drug testing, as instructed on September 20, 2023.

9. **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On October 18, 2023, the defendant failed to attend Moral Reconation Therapy, as instructed on October 16, 2023.

10. **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On October 19, 2023, the defendant failed to report to the U.S. Probation Office for drug testing, as instructed on September 20, 2023.

11. **Violation of Standard Condition**, by failing to notify the probation office of a change in employment. On October 27, 2023, the defendant reported employment with Traba, an online temporary hire agency, and he failed to notify the probation office at least ten days prior to any change.

12. **Violation of Special Condition**, by failing to participate in Moral Reconation Therapy. On or about October 11, 2023, the defendant failed to attend his scheduled appointment with the program and, to date, has not satisfactorily participated in MRT, as directed by the court and monitored by the U.S. Probation Officer.

13. **Violation of Special Condition**, by failing to participate in Moral Reconation Therapy. On or about October 18, 2023, the defendant failed to attend his scheduled appointment with the program and, to date, has not satisfactorily participated in MRT, as directed by the court and monitored by the U.S. Probation Officer.

[ECF No. 42 at 2–3].

All parties appeared at the hearing prepared to proceed. However, at the start of the hearing, Defendant indicated his intention to admit to violations 1, 3–5, 8–11, and 13 as alleged in the Petition.

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to the nine (9) specified violations is knowing and voluntary. The undersigned advised Defendant the maximum penalty the District Judge may impose, pursuant to 18 U.S.C. § 3583(e)(3), is a term of up to two (2) years of imprisonment, followed by supervised release of up to 3 years, as set forth in 18 U.S.C. § 3583(b)(2). Defendant acknowledged that he understands the Sentencing Guidelines and has discussed with his attorney the applicable guidelines range and the maximum penalties. Defendant and the Government agreed that the Government will seek dismissal of the remaining violations, 2, 6, 7, and 12.

Accordingly, based on the parties' and counsel's representations on the record, and having had the opportunity to observe and hear directly from Defendant, the undersigned recommends that the Court set the matter for a final hearing and accept Defendant's

admission of guilt as to the allegations set forth in violations 1, 3–5, 8–11, and 13, as charged in the Petition [ECF No. 42].

Although this Report and Recommendation is entered this 27th day of December, 2023, the undersigned announced the Recommendation on the record at the revocation hearing on December 14, 2023. Therefore, this Recommendation is effective as of that date.

The parties will have six (6) calendar days from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 27th day of December, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. K. Michael Moore, *U.S. District Judge*
Counsel of Record